UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BOBBY J. RAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cv-04488-TWP-DML |
| | ) |
| INDIANA, | ) |
| CPS, | ) |
| | ) |
| Defendants. | ) |

**Entry Granting *In Forma Pauperis* Motion, Dismissing Complaint,
and Directing Plaintiff to Show Cause**

**I. *In Forma Pauperis***

The plaintiff's motion to proceed *in forma pauperis*, dkt. [2], is **granted.**

**II. Screening**

The complaint is subject to the screening requirement of 28 U.S.C. § 1915(e)(2)(B). This statute directs the Court to dismiss a complaint or claim within a complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state
> the plaintiff pleads factual content that allows the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

*Allegations*

Mr. Ray lives in Indianapolis, Indiana. He alleges that he has "been with the same person for 13 years and never gotten a fair shot at life. For the last 13 years I been lock[ed] up about 3-5 times because of this person and haven't really done not a dang thing wrong." Dkt. 1, p. 2. … "We been thru CPS 2X and I even told them something was wrong with her. I would like to sue them too if I can too. I have 3 kids by her and 1 stepchild with her. *Id.* The named defendants are 1) the State of Indiana, and 2) CPS, which the Court assumes is Child Protective Services, a state agency.

Mr. Ray alleges he is suing because of the emotional stress CPS has caused him and his children. Dkt. 1, p. 3. For relief, he requests that the court award him and his children $2 million dollars and also give people the right to speak if and when any law enforcement comes up to talk. Dkt. 1, p. 4.

*Discussion*

Mr. Ray's claims are difficult to discern, but he appears to be concerned with matters that involve the CPS and his children. The CPS, generally speaking, deals with allegations of abuse or neglect of children. These are domestic matters over which this Court lacks jurisdiction. *See Alpern v. Lieb,* 38 F.3d 933, 934 (7th Cir. 1994) (holding that the domestic relations exception, among other doctrines, barred suit for damages against the plaintiff's ex-wife, attorney, and judge who presided over divorce proceedings); *Ervin v. Ervin,* 571 Fed.Appx. 464, 466 (7th Cir. 2014) (observing that a lawsuit attacking an order to pay child and spousal support on due process

grounds was "a domestic-relations case, and thus is probably excluded from federal-court jurisdiction by the domestic relations doctrine.").

"When a court finds that it lacks jurisdiction, it is improper for it to proceed to the merits of the issue." *United States v. Rachuy,* 743 F.3d 205, 211 (7th Cir. 2014). "Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steele Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94 (1998) (internal quotation omitted). The Court of Appeals has repeatedly held that "the party invoking federal jurisdiction bears the burden of demonstrating its existence." *See Hart v. FedEx Ground Pkg. Sys. Inc.,* 457 F.3d 675, 679 (7th Cir. 2006).

Even if Mr. Ray's claims did not involve domestic matters such as child custody or child abuse, he has not named a viable defendant. Any claims against the State of Indiana and CPS are **dismissed for failure to state a claim upon which relief can be granted** because the State (or a state agency) cannot be sued in federal court due to Indiana's Eleventh Amendment immunity. *See Kentucky v. Graham,* 473 U.S. 159, 166 (1985); *Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003); *Billman v. Indiana Dept. of Corrections,* 56 F.3d 785, 788 (7th Cir. 1995).

For these reasons, the complaint is **dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.**

### III. Show Cause

The plaintiff shall have **through January 11, 2018,** in which to **show cause** why this action should not be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. Failure to respond to this order to show cause will result in the dismissal of the action for the reasons discussed in this Entry without further notice.

**IT IS SO ORDERED.**

Date: 12/12/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

BOBBY J. RAY
2242 Elizabeth St.
Indianapolis, IN 46219